GRANT and others, appellants, *v.* DUANE and others respondants, 9 J. R. 591.

Not reported in Chancery.

*Mortgage ; Right of Redemption ; Presumption of Payment or other Arrangement, in Discharge of Incumbrance.*

This was a bill filed by the representatives and heirs of *James Duane*, as a sole surviving trustee, under an assignment of *Shaw* the mortgagor and his two copartners in 1766, in trust for their partnership creditors. The bill was against the representatives, heirs and devisees of *Grant*, who held a mortgage on the premises in question before the assignment of Shaw and his partners to Duane and his co-trustees : and prayed for a decree that the plaintiffs might have leave to redeem the mortgage and that defendants account for the proceeds of the land which they had sold &c. The heirs of Shaw were not parties to the bill.

The facts in support of the title of the complainants as far as material, were to this effect ; that under the *assignment* under which *Duane* became the sole trustee, by survivorship, in 1796, he had claimed the premises as his own : and had, it appeared, endeavored to find out *Grant*, the mortgagee, to pay him his mortgage debt. Not succeeding in this he had claimed the ownership and had before his death de-

mised certain of the lands, to tenants that were either then in possession or went in afterwards.

On the part of the defendants, the answer set up the mortgage of the tract, then wild lands, by the owner Shaw, to their ancestor, and testator in 1765, before the assignment. That the mortgagee entered upon the lands on the failure and assignment of Shaw to Duane and his co-trustees, and acted as the proprietor until his death in April, 1796, a period of above 28 years; that during all that time, no money was paid or tendered to him, nor any measure taken to redeem the estate; that several of the settlements and other acts of ownership by him took place within 3 years after the date of the mortgage. They claimed to be *owners* of the premises, and had sold as such and *not under the power of sale in the mortgage.* They also insisted that nothing had ever been done under the assignment, and that after such a lapse of time, the presumption was that the debts of the partnership had been paid out of the partnership property assigned, or satisfied in some other manner. Replication and proof, establishing the principal facts as claimed by the plaintiffs in support of their title; and the foregoing facts to rebut the plaintiffs' claim were proved by the defendants substantially as alleged by them in their answer.

The *Chancellor* (*Lansing,*) upon these facts, *held* that that the heirs and representatives of Duane were entitled to redeem: that the acts of ownership by Grant, and his possession as mortgagee, were not of such a character as to bar the equity of redemption which had been asserted by Duane and that the acts of Duane in respect to ownership had in some sort countervailed those set up by Duane. He therefore decreed the right of redemption to the plaintiffs, as his heirs &c., and that the defendants account for the lands sold before the filing of the bill, on appeal from this decree.

The *Court of Errors* held, *Thompson* J. delivering the opinion of the court. 1. That the objection that the heirs of *Shaw* were not made parties to the bill, might be insisted on in the Court of Errors, it having been taken in the court below.

2. That the heirs &c. of Duane had shown no subsisting title to redeem and that no person could come into the court

of Chancery for a redemption of a mortgage, unless he is entitled to the estate of the mortgagor, or claims a subsisting interest that the law recognizes, under the title of the mortgagor.

3. That the presumption of law, upon the facts of the case was, that the debts of the partnership had been satisfied out of other propery in the deed of the partnership assigning their property, and that if any body therefore was entitled to redeem, it would be the heirs &c., of Shaw, the mortgagor.

*Thompson*, J. in the course of his opinion says. "The mortgaged premises it should be observed were the sole and exclusive property of *Shaw*; not of the grantors jointly, nor is there in the deed any specification of those lands, though there is of other real property. They are comprised in the general descriptive clause in the deed. 'That expressly provides that if the debts can be satisfied by sale of part only of the premises granted, the trustees shall reconvey the residue.' 'The claim to execute this trust, without showing any debts unpaid is against the spirit and intention of this covenant.' "The respondents have failed to show a subsisting interest under the mortgagor, by not showing the existence of any debts yet to be satisfied out of the trust estate. The lapse of time is of itself sufficient to warrant the presumption of an execution of the trust. He concludes as follows :

" This view of the case renders it unnecessary for me to examine whether the equity of redemption is not bound by the lapse of time and the possession held by the mortgagee and his representatives. The case presented is certainly a very strong one on this point. It will be time enough however to decide it, when the heirs of *Shaw* who alone, from any thing that appears, are entitled to redeem, shall think fit to ask a redemption. At present, it is only necessary to decide on the rights of the respondents, and as I am satisfied that they do not show themselves entitled to redeem, I think the decree of the Court of Chancery ought to be reversed.

This being the *unanimous* opinion of the court, the decree was accordingly *reversed*, the respondents' bill ordered to be dismissed with costs &c., in the Court of Chancery to be taxed &c.